OPINION
{¶ 1} On July 11, 2003, the Stark County Grand Jury indicted appellant, Eric Edwards, on one count of escape in violation of R.C. 2921.34. Said charge arose from appellant's failure to report to his parole officer as required while on parole.
 {¶ 2} A jury trial commenced on September 2, 2003. The jury found appellant guilty. By judgment entry filed September 15, 2003, the trial court sentenced appellant to five years in prison.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "The appellant's conviction for escape was contrary to law."
 II {¶ 5} "The appellant received ineffective assistance of counsel when his trial attorney failed to file a motion to dismiss since the available caselaw stated that the appellant could not be convicted of escape."
 I {¶ 6} Appellant claims his conviction was contrary to law. We disagree.
 {¶ 7} Appellant was convicted of escape in violation of R.C.2921.34(A)(1) which states as follows:
 {¶ 8} "No person, knowing the person is under detention or being reckless in that regard, shall purposely break or attempt to break the detention, or purposely fail to return to detention, either following temporary leave granted for a specific purpose or limited period, or at the time required when serving a sentence in intermittent confinement."
 {¶ 9} At the time of appellant's original conviction which led to his parole, March 23, 1994, two relevant statutes were in effect. R.C. 2921.01(E) defined the term "detention" and R.C.2967.15(C)(2) governed the arrest of releasees from prison subject to supervision. Both of these statutes specifically excluded individuals on parole. Therefore, a parolee could not be prosecuted for escape for failure to report. However, effective October 4, 1996 for R.C. 2921.01(E) and March 17, 1998 for R.C.2967.15(C)(2), the statutes were amended to include parolees.
 {¶ 10} Appellant was granted parole in October of 2002. Appellant argues because he was originally sentenced in 1994, the former statutes excluding parolees from prosecution for failure to report should prevail. The state argues appellant's failure to report to his parole officer occurred under the amended statutes therefore, he is subject to prosecution for escape.
 {¶ 11} As noted in the state's appellate brief, the courts of appeal in this state are divided on the issue of whether a parolee convicted prior to the amendments may be prosecuted for an act of escape which occurred after the amendments. Appellant relies on a case from the Eighth District Court of Appeals,State v. Thompson, Cuyahoga App. No. 78919, 2002-Ohio-6478, wherein the court held the prior versions of the statutes prevail for individuals convicted prior to 1996. The Thompson court reached this decision after analyzing a separate statute, R.C.2967.021, which states as follows:
 {¶ 12} "(A) Chapter 2967. of the Revised Code, as it existed prior to July 1, 1996, applies to a person upon whom a court imposed a term of imprisonment prior to July 1, 1996, and a person upon whom a court, on or after July 1, 1996, and in accordance with law existing prior to July 1, 1996, imposed a term of imprisonment for an offense that was committed prior to July 1, 1996.
 {¶ 13} "(B) Chapter 2967. of the Revised Code, as it exists on and after July 1, 1996, applies to a person upon whom a court imposed a stated prison term for an offense committed on or after July 1, 1996."
 {¶ 14} This case is currently pending before the Supreme Court of Ohio for consideration.
 {¶ 15} Until a definitive ruling is released from the Supreme Court of Ohio, this court will follow the law set forth in this district by State v. Larkins, Richland App. No. 02CA84, 2003-Ohio-4273. In Larkins at ¶ 11, this court held the following:
 {¶ 16} "In State v. Goode, Cuyahoga App. No. 80525, 2002-Ohio-3789, ¶ 20, the Eighth District reviewed this issue and found, in light of the March 17, 1998 amendment to R.C.2967.15(C)(2) which removed the parolee exemption from the prosecution of escape, no conflict in law existed and `a parolee is subject to prosecution for escape if the conduct constituting escape occurs after March 17, 1998.' We agree with this decision based upon the well reasoned analysis contained in the opinion therein."[1]
 {¶ 17} Based upon this court's decision in Larkins, we find the statutes as amended are controlling. Because appellant committed the act of escape under the amended statutes, his conviction for same is not contrary to law.
 {¶ 18} Assignment of Error I is denied.
 II {¶ 19} Appellant argues his trial counsel was ineffective for failing to file a motion to dismiss the charge of escape based upon relevant case law. We disagree.
 {¶ 20} The standard this issue must be measured against is set out in State v. Bradley (1989), 42 Ohio St.3d 136, paragraphs two and three of the syllabus, certiorari denied (1990), 497 U.S. 1011. Appellant must establish the following:
 {¶ 21} "2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (State v. Lytle [1976], 48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; Strickland v. Washington [1984],466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)
 {¶ 22} "3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different."
 {¶ 23} Appellant argues his trial counsel should have filed a motion to dismiss the escape charge given the case law supporting his position. As discussed supra, the law of this district clearly states parolees who commit an act of escape after March 17, 1998 may be subject to prosecution for said charge.Larkins. To file a motion to dismiss the charge based upon case law from other districts would have been superfluous. Defense counsel's performance was not deficient on this issue.
 {¶ 24} Assignment of Error II is denied.
 {¶ 25} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
Farmer, J., Gwin, P.J. and Edwards, J. concur.
[1] The Eighth District decided Thompson four months afterGoode.