OPINION JUDGMENT ENTRY
{¶ 1} Appellant Velva Grimes appeals the decision of the Stark County Court of Common Pleas that denied her motion to dismiss one count of escape. The following facts give rise to this appeal.
 {¶ 2} On April 16, 2004, the Stark County Grand Jury indicted appellant for one count of escape when, as a parolee, she left the residence approved by the Adult Parole Authority, without permission, and failed to report to her parole officer for scheduled office appointments. Appellant had previously been convicted of one count of robbery and two counts of grand theft on September 25, 1996. The trial court sentenced appellant to a fifteen-year prison term for these offenses. After a series of probation violations and revocations, appellant was released from prison and placed on parole.
 {¶ 3} On February 10, 2004, appellant was declared a parole violator and subsequently indicted for one count of escape. Appellant entered a plea of not guilty to the charge of escape. Thereafter, defense counsel filed a motion to dismiss the charge of escape arguing that appellant should be held to the statutory definition of "detention" in effect at the time of her underlying conviction, which excluded parolees. The trial court denied defense counsel's motion. Subsequently, appellant entered a plea of no contest and the trial court sentenced her to a one-year prison term.
 {¶ 4} Appellant timely filed a notice of appeal and sets forth the following assignment of error for our consideration:
 {¶ 5} "I. Appellant's Conviction for escape is contrary to law."
 I {¶ 6} In her sole assignment of error, appellant maintains her conviction for escape is contrary to law. We disagree.
 {¶ 7} This case is before us on the accelerated calendar docket. App.R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:
 {¶ 8} "(E) Determination and judgment on appeal.
 {¶ 9} "The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusory form."
 {¶ 10} Based upon our decision in State v. Edwards, Stark App. No. 2003CA00327, 2004-Ohio-2656, we conclude appellant's conviction for escape is not contrary to law because she committed the offense after the March 17, 1998 amendment to the statute which removed the parolee exemption from the prosecution of escape. Id. at ¶ 17. See, also, State v. Larkins, Richland App. No. 02CA84, 2003-Ohio-4273.
 {¶ 11} Further, in State v. Thompson, 102 Ohio St.3d 287,2004-Ohio-2946, the Ohio Supreme Court held that a parolee who fails to report to his parole officer after March 17, 1998 may be prosecuted for escape under R.C. 2921.34, regardless of when the underlying offense was committed. Id. at syllabus.
 {¶ 12} Appellant's sole assignment of error is overruled.
 {¶ 13} For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
Wise, J. Hoffman, P.J., and Farmer, J., concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
Costs assessed to appellant.