THE STATE OF OHIO, APPELLANT, *v.* THOMPSON, APPELLEE.

[Cite as *State v. Thompson,* 102 Ohio St.3d 287, 2004-Ohio-2946.]

(Nos. 2003–0252 and 2003–0283—Submitted January
14, 2004—Decided June 23, 2004.)

—————————

—————————

LUNDBERG STRATTON, J.

{¶ 1} In 1999, Alexander Thompson, defendant-appellee, failed to report to his parole officer and failed to return to his halfway house while he was on parole for a crime he had committed prior to July 1, 1996. For these violations, Thompson was convicted of escape. The Court of Appeals for Cuyahoga County reversed the judgment of the trial court and vacated Thompson's escape conviction.

{¶ 2} The court of appeals certified that its decision was in conflict with *State v. McFolley* (July 11, 2001), Lorain App. No. 00CA007614, 2001 WL 773231, on the issue "[w]hether R.C. 2967.021 is ambiguous as to whether it applies to persons on parole for a crime committed prior to July 1, 1996, who fail to report to their parole officer after March 17, 1998, and therefore the statute must be construed against the state in determining whether such parole violators are subject to prosecution for the crime of escape."

{¶ 3} This cause is now before this court upon our determination that a conflict exists and pursuant to our acceptance of a discretionary appeal on the same issue.

{¶ 4} Today this court must resolve a conflict among the courts of appeals by answering the following question: may a parolee whose underlying crime was committed prior to July 1, 1996, and who failed to report to his parole officer

after March 17, 1998, be prosecuted for escape? To answer this question, we must first review the plain language of each of the relevant statutes.

{¶ 5} R.C. 2921.34 defines escape, the crime with which Thompson was charged after he failed to report to his parole officer, and it provides: "(A)(1) No person, knowing the person is under detention or being reckless in that regard, shall purposely break or attempt to break the detention, or purposely fail to return to detention, either following temporary leave granted for a specific purpose or limited period, or at the time required when serving a sentence in intermittent confinement."

{¶ 6} The definition of "detention" is contained in R.C. 2921.01(E). Before October 4, 1996, R.C. 2921.01(E) defined "detention" to include "supervision by an employee of the department of rehabilitation and correction of a person on any type of release * * * *other than release on parole.*" (Emphasis added.) 146 Ohio Laws, Part IV, 7335. Thus, before October 4, 1996, parolees were not considered to be under "detention" for purposes of the escape statute.

{¶ 7} Effective October 4, 1996, R.C. 2921.01(E) was amended to remove the exclusion of parolees from the definition of detention. 146 Ohio Laws, Part II, 2214. Thus, as of October 4, 1996, R.C. 2921.01(E) included parolees in the class of persons who could be prosecuted for escape. R.C. 2967.15(C)(2), however, continued to exclude parolees from the class of persons who could be prosecuted for escape: "A furloughee or releasee *other than a person who is released on parole* * * * is considered to be in custody * * * and * * * may be prosecuted for the offense of escape." 146 Ohio Laws, Part VI, 11013.

{¶ 8} On March 17, 1998, R.C. 2967.15(C)(2) was amended to remove the exception for parolees. 147 Ohio Laws, Part IV, 7539. This left open the question whether parolees who had failed to report to their parole officers or to their assigned halfway house during the period of statutory conflict from October 4, 1996, to March 17, 1998, could be convicted of escape.

{¶ 9} In *State v. Conyers* (1999), 87 Ohio St.3d 246, 719 N.E.2d 535, we considered that question, i.e., whether a parolee could be convicted of escape pursuant to R.C. 2921.34(A)(1) for leaving a halfway house without permission between October 4, 1996, and March 17, 1998, in view of the conflict between R.C. 2921.01(E) and former R.C. 2967.15(C)(2). We held that former R.C. 2967.15(C)(2) was a special provision and, therefore, prevailed as an exception to the general provision of R.C. 2921.34(A)(1). Id. Accordingly, we concluded that from October 4, 1996, to March 17, 1998, parolees were excluded from this statutory definition and were not subject to prosecution for escape.

{¶ 10} The issue in this case is whether the March 17, 1998 amendment to R.C. 2967.15(C)(2) applies to a parolee whose underlying crime was committed before July 1, 1996, and who failed to report *after* March 17, 1998. The appellate court

looked to the language of R.C. 2967.021 and held that it limited the application of the 1998 version of R.C. 2967.15 to offenders whose underlying offenses were committed after July 1, 1996.

{¶ 11} R.C. 2967.021 provides:

{¶ 12} "(A) Chapter 2967. of the Revised Code, as it existed prior to July 1, 1996, applies to a person upon whom a court imposed a term of imprisonment prior to July 1, 1996, and a person upon whom a court, on or after July 1, 1996, and in accordance with law existing prior to July 1, 1996, imposed a term of imprisonment for an offense that was committed prior to July 1, 1996.

{¶ 13} "(B) Chapter 2967. of the Revised Code, *as it exists on and after July 1, 1996,* applies to a person upon whom a court imposed a stated prison term for an offense committed on or after July 1, 1996." (Emphasis added.)

{¶ 14} The appellate court below concluded that because Thompson was sentenced prior to 1996 for his underlying offense, viewing R.C. 2967.021 on its face, the former version of R.C. 2967.15 should apply in his case and, thus, the statute would exclude Thompson from being prosecuted for escape. We disagree.

{¶ 15} The appellate court based its decision on R.C. 2967.021, which became effective July 1, 1996, as part of Am.Sub.S.B. No. 2, 146 Ohio Laws, Part IV, 7136, 7573. This statute provides that one's treatment as a parolee is determined by the date of his or her underlying crime. However, the crime at issue in this case is escape, a new criminal offense. Therefore, the appellate court's focus on R.C. 2967.021 was misplaced.

{¶ 16} The court of appeals looked to the underlying offense when it should have viewed Thompson's failure to report to his parole officer as a new criminal offense that occurred after March 17, 1998. Thus, Thompson is subject to the law regarding escape as it existed when he failed to report. Although not explicitly stated, this is the same conclusion we reached in *Conyers,* 87 Ohio St.3d 246, 719 N.E.2d 535.

{¶ 17} In *Conyers,* this court discussed the law in effect at the time of Conyers's parole violation, not the law in effect at the time of his underlying crime, which he had committed prior to July 1, 1996. As in *Conyers,* the date of Thompson's underlying crime is of no consequence to the resolution of this case. Rather, the focus is on the date of the parole violation, as it is a new criminal offense. Thompson's escape charge is based on conduct that occurred after the statutory amendments and is unrelated to the conduct that led to his prior conviction.

{¶ 18} As we stated in *Conyers,* "We must presume that the General Assembly is aware of previously enacted legislation. See *Henrich v. Hoffman* (1947), 148 Ohio St. 23, 27, 34 O.O. 473, 474–475, 72 N.E.2d 458, 460." *Conyers,* 87 Ohio

St.3d at 250–251, 719 N.E.2d 535. R.C. 2967.021 became effective on July 1, 1996. Later in 1996, the General Assembly amended R.C. 2921.01(E) to include parolees among those individuals who are considered to be under "detention." Then in 1998, the General Assembly amended R.C. 2967.15(C)(2) to remove the exception for parolees. It is clear to this court that the General Assembly intends to include a parolee's failure to report within the definition of escape.

{¶ 19} For all of the reasons above, we hold that a parolee who fails to report to his parole officer after March 17, 1998, may be prosecuted for escape under R.C. 2921.34, regardless of when his or her underlying crime was committed. Accordingly, we reverse the judgment of the court of appeals and reinstate the judgment of the trial court.

Judgment reversed
and trial court
judgment reinstated.

RESNICK, F.E. SWEENEY, O'CONNOR and O'DONNELL, JJ., concur.

MOYER, C.J., dissents.

PFEIFER, J., dissents and would affirm the court of appeals.

---

**MOYER, C.J., dissenting.**

{¶ 20} I dissent from the majority's conclusion that the word "offense" in R.C. 2967.021(B) refers to a new parole violation rather than the original crime for which the parolee was convicted. R.C. 2967.021(B) provides that "Chapter 2967. of the Revised Code, as it exists on and after July 1, 1996 [including changes that make a parole violation an escape offense], applies to a person upon whom a court *imposed a stated prison term for an offense* committed on or after July 1, 1996." (Emphasis added.) Because the General Assembly referred to an "offense" for which a prison term has already been imposed, I believe that R.C. 2967.021(B) refers to the original crime and not to a new parole violation for which the defendant has not yet been sentenced.

{¶ 21} Under the majority's interpretation—that the word "offense" means a new parole violation—R.C. 2967.021(B) presupposes that the person who is *alleged* to have escaped is guilty; that is, it refers to the defendant as if he or she has already been adjudicated and sentenced for that offense. The purpose of the statute in a parole violation case, however, is to determine *whether* a parole violation constitutes the offense of escape. As the Eighth District Court of Appeals reasoned, "Chapter 2967.021 states that the post 1996 amendments to Chapter 2967 (which * * * transformed a parole violation into the offense of escape) apply to defendant only if there is an offense after 1996. Defendant's

parole violation, however, does not qualify as the offense of escape unless the changes to Chapter 2967 apply to him. Such circularity is too tenuous to be the basis for interpreting 'offense' to mean the parole violation rather than the original crime for which he was previously sentenced."

{¶ 22} Similarly, R.C. 2967.021(B) refers to an offense for which a trial court has already "imposed a stated prison term." Contrary to the reasoning of the majority, however, the trial court may impose a prison term only *after* a defendant has been found guilty of an offense. That is, if the word "offense" in R.C. 2967.021(B) refers to a new parole violation (as the majority contends), then the trial court could not yet have imposed a prison term.

{¶ 23} The foregoing point is illustrated by the contradicting language in the majority opinion. The majority concedes that R.C. 2967.021 "provides that one's treatment as a parolee is determined by the date of his or her *underlying crime*." (Emphasis added.) Nevertheless, the majority contradicts this well-reasoned statement in the next paragraph by declaring, "The court of appeals looked to the underlying offense when it should have viewed Thompson's failure to report to his parole officer as a new criminal offense * * *." Assuming that the majority adheres to the plain language of the statute, these two sentences are irreconcilable.

{¶ 24} Perhaps most problematic, however, is that the majority's interpretation of the word "offense" to mean a new parole violation renders R.C. 2967.021 meaningless in parole-violation cases and ambiguous in nonviolation cases. The purpose of R.C. 2967.021 is to set forth which version of R.C. Chapter 2967 (the pre- or post-July 1, 1996 version) governs the administration of parole, pardon, or probation in a particular case. But if, as the majority contends, the word "offense" means a new parole violation, then every parolee who violates his or her parole after the effective date of the statute would commit an "offense" and consequently be subject to the post-July 1, 1996 version of the statute. Under the majority's interpretation, therefore, division (A) of R.C. 2967.021—the provision that governs when the pre-July 1, 1996 version of the statute applies—would, in fact, *never* apply in a parole-violation case.

{¶ 25} Less certain is the future impact of the majority's interpretation of the word "offense" in R.C. 2967.021 on potential cases in which there is no subsequent violation. If, for example, a case that does not involve a violation of parole or probation turns on which version of the statute applies—the pre- or post-July 1, 1996 version—then a court will again be called upon to determine the meaning of the word "offense" in R.C. 2967.021. In such a case, however, *there is no "offense"* as the majority interprets that term; hence, a reviewing court would necessarily be required to attribute a different meaning to the word "offense" in R.C. 2967.021 than the majority does today. The better approach, I believe, is to

interpret the statutory language in a manner that would be consistent across all applications—to interpret the word "offense" as the original offense for which the defendant was convicted. And if there is no such circumstance—where a case does not involve a parole or probation violation but nonetheless depends on which version of the statute applies—then, under the majority's interpretation, R.C. 2967.021 is meaningless in *all cases*.

{¶ 26} Finally, the majority concludes that Thompson is "subject to the law regarding escape as it existed when he failed to report" and that "this is the same conclusion we reached in [*State v.*] *Conyers* [ (1999), 87 Ohio St.3d 246, 719 N.E.2d 535]." Contrary to the majority's assertion, however, our decision in *Conyers* did not determine that the date of the parole violation controls which version of R.C. Chapter 2967 applies because we were not called upon to address R.C. 2967.021. Precisely because we did not interpret the language in R.C. 2967.021, the majority's interpretation in the instant case is neither consistent nor inconsistent with *Conyers*; rather, our opinion in *Conyers* is simply irrelevant to the inquiry before us today.

{¶ 27} For the foregoing reasons, I dissent.

---

William D. Mason, Cuyahoga County Prosecuting Attorney, and Jon W. Oebker, Assistant Prosecuting Attorney, for appellant.

Robert L. Tobik, Cuyahoga County Public Defender, and John T. Martin, Assistant Public Defender, for appellee.