JOURNAL ENTRY and OPINION
{¶ 1} Appellant State of Ohio appeals the trial court's dismissal of appellee Corey Boso's indictment for escape. The State assigns the following error for our review:[1]
 {¶ 2} "I. The trial court erred in granting appellant's motion to dismiss."
 {¶ 3} Having reviewed the record and pertinent law, we reverse the trial court's judgment, and remand for further proceedings consistent with this case. The apposite facts follow.
 {¶ 4} On December 7, 2000, Boso was released on parole after serving three-to-fifteen years for burglary and a consecutive six months sentence for receiving stolen property. On May 25, 2001, Boso left his approved residence, and was subsequently arrested on December 12, 2002; later he was charged with escape in violation of R.C. 2921.34. On February 27, 2003, Boso filed a motion to dismiss asserting he could not be charged with escape because the underlying crime occurred prior to July 1, 1996. On March 4, 2003, the trial court dismissed the indictment with prejudice. The State now appeals.
 {¶ 5} In its sole assigned error, the State argues the trial court erred in granting Boso's motion to dismiss. We agree.
 {¶ 6} The trial court based its decision on R.C. 2967.021, which became effective July 1, 1996, as part of Am.Sub.S.B. No. 2. 146 Ohio Laws, Part IV, 7136, 7573. This statute provides that one's treatment as a parolee is determined by the date of his or her underlying crime.
 {¶ 7} However, in its recent decision in State v.Thompson,[2] the Ohio Supreme Court held a parolee who fails to report to his parole officer after March 17, 1998, may be prosecuted for escape under R.C. 2921.34, regardless of when his or her underlying offense was committed, because the escape offense is considered a separate, new offense. Here, Boso left his residence in 2001 and also failed to report to his parole officer in 2001.
 {¶ 8} Based on the above decision, Boso's action in leaving the approved residence and remaining at large until his arrest constitutes a new criminal offense for which he could rightly be charged. Accordingly, we sustain the State's sole assigned error.
 {¶ 9} Judgment reversed and remanded for further proceedings consistent with this court.
It is, therefore, ordered that said appellant recover of said appellee its costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Rocco, J., and Calabrese, Jr., J., concur.
[1] This case was stayed pending the Ohio Supreme Court's decision in State v. Thompson, 102 Ohio St.3d 287,2004-Ohio-2946.
[2] 102 Ohio St.3d 287, 2004-Ohio-2946.