OPINION JUDGMENT ENTRY
{¶ 1} Defendant appellant Darick Adams appeals his conviction and sentence entered November 18, 2003, in the Stark County Court of Common Pleas, on one count of Escape, in violation of R.C.2921.34(A)(1)(C)(2)(a).
 {¶ 2} Plaintiff-Appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 3} On December 4, 2000, Appellant was convicted of burglary and was sentenced to two years in prison.[1]
 {¶ 4} Appellant was released and placed on Post Control Release with the Adult Parole Authority.
 {¶ 5} On August 6, 2003, Appellant absconded from parole supervision
 {¶ 6} On October 23, 2003, Appellant was charged of Escape, a second degree felony.
 {¶ 7} On November 12, 2003, Appellant entered a plea of no contest to said charge of Escape.
 {¶ 8} The trial court found Appellant guilty on his plea of no contest and sentenced Appellant to two years in prison.
 {¶ 9} Appellant timely appealed and herein raises the following assignment of error for our consideration:
 ASSIGNMENT OF ERROR {¶ 10} "I. The appellant's conviction for escape was contrary to law."
 I. {¶ 11} In his sole assignment of error, Appellant asserts that his conviction is contrary to law. We disagree.
 {¶ 12} Initially, we find that appellant has failed to provide us with a transcript of the relevant trial court proceedings pursuant to App.R. 9(B) and App.R. 10(A).
 {¶ 13} In Knapp v. Edwards Laboraties (1980),61 Ohio St.2d 197, the Ohio Supreme Court held: "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the Court has no choice but to presume the validity of the lower court's proceedings, and affirm." Id. at 199.
 {¶ 14} Based upon the authority of Knapp, supra, we could presume the regularity of the trial court's decision, and affirm appellant's conviction and sentence. However, this court will review the facts as set forth in the parties' briefs and make a merit determination of appellant's assigned error.
 {¶ 15} Specifically, Appellant argues that his conviction and sentence constitute cruel and unusual punishment. In support of such argument, Appellant states that he served his prison term and that he did not commit any act of violence in failing to report to his parole officer.
 {¶ 16} Appellant argues that the escape statute excludes parolees from those who can be prosecuted for escape unless that person was sentenced for their original offense prior to 1996.
 {¶ 17} The crime of Escape is defined in R.C. § 2921.34
defines escape, which provides:
 {¶ 18} "(A)(1) No person, knowing the person is under detention or being reckless in that regard, shall purposely break or attempt to break the detention, or purposely fail to return to detention, either following temporary leave granted for a specific purpose or limited period, or at the time required when serving a sentence in intermittent confinement."
 {¶ 19} The definition of "detention" is contained in R.C. §2921.01(E). Before October 4, 1996, R.C. § 2921.01(E) defined "detention" to include "supervision by an employee of the department of rehabilitation and correction of a person on any type of release * * * other than release on parole." (Emphasis added.) 146 Ohio Laws, Part IV, 7335. Thus, before October 4, 1996, parolees were not considered to be under "detention" for purposes of the escape statute.
 {¶ 20} Effective October 4, 1996, R.C. § 2921.01(E) was amended to remove the exclusion of parolees from the definition of detention. 146 Ohio Laws, Part II, 2214. Thus, as of October 4, 1996, R.C. 2921.01(E) included parolees in the class of persons who could be prosecuted for escape. R.C. § 2967.15(C)(2), however, continued to exclude parolees from the class of persons who could be prosecuted for escape: "A furloughee or releaseeother than a person who is released on parole * * * is considered to be in custody * * * and * * * may be prosecuted for the offense of escape." 146 Ohio Laws, Part VI, 11013.
 {¶ 21} On March 17, 1998, R.C. 2967.15(C)(2) was amended to remove the exception for parolees. 147 Ohio Laws, Part IV, 7539. This left open the question whether parolees who had failed to report to their parole officers or to their assigned halfway house during the period of statutory conflict from October 4, 1996, to March 17, 1998, could be convicted of escape.
 {¶ 22} Appellate court decisions were in conflict on the issue.
 {¶ 23} In a recent decision, the Ohio Supreme Court in Statev. Thompson, 102 Ohio St.3d 287, 2004-Ohio-2946, resolved this conflict and held that a parolee who fails to report to his parole officer after March 17, 1998, may be prosecuted for escape under R.C. 2921.34, regardless of when his or her underlying crime was committed.
 {¶ 24} Based on State v. Thompson, supra, we find Appellant's assignment of error not well-taken and overrule same.
 {¶ 25} The November 13, 2003, conviction and sentence of the Stark County Court of Common Pleas is hereby affirmed.
Boggins, J. Hoffman, P.J., and Edwards, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas, Stark County, Ohio, is hereby affirmed. Costs to appellant.
[1] Stark County Common Pleas Case No. 2000-CR-1077(B).