JOURNAL ENTRY and OPINION
{¶ 1} Plaintiff-appellant State of Ohio ("state") appeals from the decision of the Cuyahoga County Court of Common Pleas that granted defendant-appellee David Helton's ("Helton") motion to dismiss. For the reasons stated below, we reverse and remand
 I. {¶ 2} In 1996, Helton pled guilty to two counts of aggravated robbery and was sentenced to a term of five to twenty-five years incarceration. In March 2002, he was paroled. On November 5, 2002, Helton failed to report to his parole officer and was subsequently indicted on one count of escape, in violation of R.C. 2921.34. On November 19, 2003, Helton filed a motion to dismiss the indictment, relying on this court's decision inState v. Thompson, Cuyahoga App. No. 78919, 2002-Ohio-6478.[1] On December 5, 2003, the trial court granted Helton's motion.
 {¶ 3} It is from this decision that the state advances one assignment of error for our review.
 II. {¶ 4} In its sole assignment of error, the state argues that "the trial court erred in dismissing the escape charge." We agree.
 {¶ 5} The trial court granted Helton's motion to dismiss on the authority of this court's decision in Thompson, supra. Because of conflicting authority on this issue, both within the state of Ohio and our own district, we elected to stay the state's appeal in this case pending the Ohio Supreme Court's review of Thompson. On June 23, 2004, the Ohio Supreme Court held that "a parolee who fails to report to his parole officer after March 17, 1998, may be prosecuted for escape under R.C.2921.34 regardless of when his or her underlying offense was committed."[2] As stated above, Helton failed to report to his parole officer on November 19, 2003.
 {¶ 6} In light of the Thompson decision and the facts of this case, the trial court erred in dismissing the escape charge against Helton. The state's assignment of error is sustained.[3]
Judgment reversed and remanded.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee costs herein.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, P.J., and Karpinski, J., concur.
[1] In Thompson, this court held that a parolee could not be prosecuted for escape if the underlying crime for which the defendant was placed on parole occurred prior to July 1, 1996.
[2] State v. Thompson, 102 Ohio St.3d 287, 2004-Ohio-2946.
[3] Helton's ex post facto argument is without merit. The date of his underlying offense is of no consequence. As his failure to report occurred after March 17, 1998, he may be prosecuted for escape under R.C. 2921.34. Id.