JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-Appellee, the State of Ohio, appeals from the trial court's order dismissing this case. In light of the recent decision by the Ohio Supreme Court in State v. Thompson,102 Ohio St.3d 287, 2004-Ohio-2946, we reverse and remand
 {¶ 2} On April 1, 2002, defendant-appellee, Thomas Wright, began a term of parole supervision with the Adult Parole Authority in connection with a crime he committed prior to July 1, 1996, the date of the enactment of Senate Bill 2. In January 2003, as a result of Wright's alleged failure to report to his parole officer after September 2002, the Cuyahoga County Grand Jury indicted him on one count of escape, in violation of R.C.2921.34. The trial court subsequently dismissed the case in reliance on this court's opinion in State v. Thompson, Cuyahoga App. No. 78919, 2002-Ohio-6478, in which we held that a parolee sentenced on an underlying conviction prior to the enactment of Senate Bill 2 cannot later be charged with escape.
 {¶ 3} The Ohio Supreme Court recently reversed this court's ruling in Thompson, however. The Supreme Court held that "a parolee who fails to report to his parole officer after March 17, 1998,[1] may be prosecuted for escape under R.C. 2921.34, regardless of when his or her underlying crime was committed." Id. at 290. In reaching this conclusion, the Supreme Court reasoned that the date of the underlying offense is of no consequence because the parole violation is a new criminal offense, unrelated to conduct that led to the prior conviction.
 {¶ 4} Although we agree with the Chief Justice's dissent inThompson, we are constrained to find that the trial court erred in dismissing this case. Appellant's assignment of error is sustained.
Reversed.
This cause is remanded for further proceedings consistent with the opinion herein.
It is, therefore, ordered that appellant recover from appellee costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, J., Concurs.
 Celebrezze, Jr., P.J., Concurs in judgment only.
[1] R.C. 2967.15(C)(2) was amended on March 17, 1998 to provide that parolees were among the class of persons who could be prosecuted for escape.