JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant state of Ohio ("state") appeals from the decision of the Cuyahoga County Court of Common Pleas which granted defendant-appellee Jesse Welch's ("Welch") motion to dismiss the indictment. Finding error in the proceeding below, we reverse and remand
 {¶ 2} The following facts give rise to this appeal. On April 11, 2003, Welch allegedly left Oriana House, a halfway house, while on parole and never returned. On July 15, 2003, Welch was indicted for one count of escape in violation of R.C. 2921.34. Welch filed a motion to dismiss based on State v. Thompson,
Cuyahoga App. No. 78919, 2002-Ohio-6478. The state filed a brief in opposition. On November 18, 2003, the trial court granted Welch's motion to dismiss.
 {¶ 3} The state timely appeals the decision of the trial court and advances one assignment of error for our review.
 {¶ 4} "I. The trial court erred in dismissing the escape charge against defendant."
 {¶ 5} We sustain the state's sole assignment of error in light of the recent decision of the Supreme Court of Ohio inState v. Thompson (2004), 102 Ohio St.3d 287, 290, which held that a parolee who fails to report to his parole officer after March 17, 1998 may be prosecuted for escape under R.C. 2921.34, regardless of when his underlying offense was committed. Welch's alleged escape occurred after March 17, 1998, and therefore he is subject to the law regarding escape as it existed when he failed to report.
Judgment reversed and remanded.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee costs herein.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kilbane, P.J., and Ann Dyke, J., concur.