JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant, Craig Davis ("appellant"), appeals from the sentence imposed upon him following his guilty plea to the charge of escape under R.C. 2921.34. Appellant argues that, pursuant to this court's decision in State v. Thompson,
Cuyahoga App. No. 78919, 2002-Ohio-6478, his status as a parolee at the time of the alleged escape forbids him from being charged with escape. For the reasons stated below, appellant's assignment of error is overruled.
 1. I. {¶ 2} In 1993, appellant was convicted of robbery and sentenced to two to ten years imprisonment. On December 16, 1996, appellant was granted parole. On September 1, 2002, he failed to meet with his parole officer, and a warrant was issued for his arrest. On January 18, 2003, he was charged with escape pursuant to R.C. 2921.34, a felony of the third degree.
 {¶ 3} At his arraignment, appellant pled not guilty to the offense. On April 3, 2003, he pled guilty and was sentenced to a one-year term of incarceration to be served concurrently with two unrelated offenses.
 {¶ 4} Appellant timely filed his appeal and advances one assignment of error.
 1. II. {¶ 5} In his sole assignment of error, appellant argues that "the lower court erred in failing to dismiss the indictment as R.C. 2921.34 (escape) is not applicable to a pre-S.B. 2 conviction and is further violative of the ex post facto clause of the United States Constitution as applied in the present case."
 {¶ 6} Because of the conflicting authority on this issue, both within the state of Ohio and within our own district,[1] we elected to stay appellant's appeal pending the Ohio Supreme Court's ruling in Thompson, supra. On June 23, 2004, the Ohio Supreme Court issued its ruling, holding that "a parolee who fails to report to his parole officer after March 17, 1998, may be prosecuted for escape under R.C. 2921.34, regardless of when his or her underlying offense was committed."[2]
Appellant failed to report on September 1, 2002 and, therefore, could be charged with escape.
 {¶ 7} In light of the Thompson decision, the trial court's denial of appellant's motion to dismiss was proper. Appellant's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, P.J., and Cooney, J., Concur.
[1] See State v. McFolley (July 11, 2001), Lorain App. No. CA007614; State v. Goode, Cuyahoga App. No. 80525, 2002-Ohio-3789.
[2] State v. Thompson, 102 Ohio St.3d 287, 2004-Ohio-2946.