JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Paul McPherson, pro se ("defendant") appeals following his conviction for escape. For the reasons that follow, we affirm.
 {¶ 2} Defendant was granted parole after serving a portion of an indefinite sentence imposed on him following his convictions in 1982 for aggravated robbery, aggravated burglary, and involuntary manslaughter. On January 8, 2002, defendant failed to report to his parole officer and was indicted on one count of escape under R.C. 2921.34. On June 5, 2002, defendant filed a pro se motion to dismiss, which the trial court denied. A trial commenced, but was declared a mistrial when the jury could not reach a verdict. Defendant filed another motion to dismiss on January 21, 2003 based on Thompson. The court denied this motion on February 7, 2003. On February 10, 2003, defendant pled guilty to escape as charged in the indictment.
 {¶ 3} Appellant's sole assignment of error states as follows:
 {¶ 4} "I. The trial court erred and abused its discretion as a matter of law and to the prejudice of the appellant, when the trial court arbitrarily denied appellant's motion to dismiss based on the holdings set forth in State v. Thompson, 2002 WL 3166 7231 (Ohio App. 8 Dist.), and in violation of his due process rights under the Ohio and United States Constitutions."
 {¶ 5} By entering a guilty plea, defendant waived his right to appeal the court's rulings on pretrial motions. See State v.Castrataro, Cuyahoga App. 81268, 2002-Ohio-6333, ¶ 15. "In order to preserve [his] appellate rights relative to [his] pretrial motions [defendant] was required to enter a plea of no contest." Id., citing Crim.R. 12(I); Montpelier v. Greeno (1986),25 Ohio St.3d 170, 171 n. 2; and State v. Ulis (1992),65 Ohio St.3d 83, 84-85. Even if defendant had properly preserved this issue for appeal, it has no merit. The appellate decision upon which defendant relies has been reversed by the Ohio Supreme Court.State v. Thompson, Cuyahoga App. No. 78919, 2002-Ohio-6478, reversed by State v. Thompson, 102 Ohio St.3d 287,2004-Ohio-2946.[1]
 {¶ 6} The Ohio Supreme Court has held that "[a] parolee who fails to report to his parole officer after March 17, 1998, may be prosecuted for escape under R.C. 2921.34, regardless of when his or her underlying offense was committed." Thompson,
102 Ohio St.3d at syllabus. Based on this precedent, we find that the trial court did not err by denying defendant's motion to dismiss.
 {¶ 7} Defendant's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Corrigan, A.J., and Rocco, J., Concur.
[1] In Thompson, this Court found the provision of R.C.2967.021 ambiguous as to whether the 1998 version of R.C. 2967.15
(which included parolees within the definition of those who could be prosecuted for escape) applied to persons sentenced on an underlying offense prior to 1996 but paroled after 1998. Thus, this Court construed the ambiguity against the State and applied the prior version of R.C. 2967.15, which excluded the parolee from prosecution for escape.