OPINION
{¶ 1} Defendant-appellant, Roy Jones, Jr. ("Jones"), appeals his conviction for attempted escape, a felony of the third degree in violation of R.C. 2923.02 and 2921.34, upon entry of a guilty plea in the Ashtabula County Court of Common Pleas. The court sentenced Jones to serve a one-year term of imprisonment and imposed three years of post-release controls. For the following reasons, we affirm the decision of the court below.
 {¶ 2} In 1989, Jones was convicted of aggravated burglary in Ashtabula County and, subsequently, paroled. Jones was required to report to Mike Jones of the adult parole authority. From April 4, 2002, to July 11, 2002, Jones failed to report and during this time his whereabouts were unknown. On September 17, 2002, Jones pled guilty to attempted escape. Thereafter, Jones filed a motion for leave to file a delayed appeal pursuant to App.R. 5(A), which this court granted on September 19, 2003.
 {¶ 3} Jones raises the following assignments of error:
 {¶ 4} "[1.] The trial court committed plain error by accepting appellant's plea and convicting appellant of actions not constituting the crime of attempted escape in the state of Ohio.
 {¶ 5} "[2.] The appellant received ineffective assistance of counsel in violation of his rights pursuant to theSixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution.
 {¶ 6} "[3.] The trial court erred by accepting appellant's plea of guilty."
 {¶ 7} The basis for Jones' appeal is a peculiar situation that developed in Ohio's law in the late 1990s. The crime of escape, which Jones was convicted of attempting, provides that "[n]o person, knowing the person is under detention * * *, shall purposely * * * fail to return to detention * * *." R.C.2921.34(A)(1). Because of a conflict between R.C. 2921.01(E), defining "detention," and R.C. 2967.15(C)(2), providing that parolees were not considered to be in custody, parolees were exempt from prosecution for escape from October 4, 1996, to March 17, 1998. See State v. Thompson, 102 Ohio St.3d 287,2004-Ohio-2946, at ¶¶ 5-9; State v. Conyers, 87 Ohio St.3d 246,248-251; 1999-Ohio-60.
 {¶ 8} The Ohio legislature amended R.C. 2967.15(C)(2) on March 17, 1998, so as to make parolees subject to prosecution for escape.
 {¶ 9} This situation raised the issue of whether a parolee, whose underlying crime was committed before July 1, 1996, but who violated his parole after March 17, 1998, would be subject to prosecution for escape. Most courts held that a parolee could be convicted of escape if the acts constituting the escape were committed after the amendment of R.C. 2967.15(C)(2) on March 17, 1998. State v. McFolley (July 11, 2001), 9th Dist. No. 00CA007614, 2001 Ohio App. LEXIS 3089, at *8-*9; State v.Trollinger (Aug. 20, 1999), 1st Dist. No. C-980824, 1999 Ohio App. LEXIS 3836, at *4-*5. The Eighth District Court of Appeals, however, held otherwise relying on R.C. 2967.021, which "provides that one's treatment as parolee is determined by the date of his or her underlying crime." Thompson, 2004-Ohio-2946, at ¶ 15;State v. Thompson, 8th Dist. No. 78919, 2002-Ohio-6478, at ¶¶ 17-23.[1]
 {¶ 10} The question has not previously been addressed by this court.
 {¶ 11} On June 23, 2004, the Ohio Supreme Court resolved this conflict by reversing Thompson. The court held: "A parolee who fails to report to his parole officer after March 17, 1998, may be prosecuted for escape under R.C. 2921.34, regardless of when his or her underlying offense was committed." 2004-Ohio-2946, at syllabus.
 {¶ 12} Jones relies on the Eighth District's decision inThompson to support all three assignments of error. Jones argues, in the first and third assignments of error, that the trial court erred by accepting his plea when the factual basis of the plea does not constitute the crime of escape. In the second assignment of error, Jones alleges ineffective assistance of counsel for his attorney's failure to dismiss the charge. In light of the Ohio Supreme Court's decision in Thompson, there are no grounds for disputing that the conduct admitted to by Jones, that Jones knew he was under detention and tried to purposely break that detention by failing to report to the adult parole authority between April 4, 2002, and July 11, 2002, constitutes the crime of attempted escape. Jones' three assignments of error are without merit.
 {¶ 13} The decision of the Ashtabula County Court of Common Pleas sentencing Jones to one year imprisonment for attempted escape is affirmed.
Rice, J., Nader, J., Ret., Eleventh Appellate District, sitting by assignment, concur.
[1] R.C. 2967.021(A) provides: "Chapter 2967. of the Revised Code, as it existed prior to July 1, 1996, applies to a person upon whom a court imposed a term of imprisonment prior to July 1, 1996 * * *."