JOURNAL ENTRY AND OPINION
{¶ 1} The State of Ohio appeals from an order of Judge Jose A. Villanueva that dismissed an indictment for escape against Curtis Duckworth.[1] Because our opinion in State v.Thompson[2] was reversed by the Ohio Supreme Court during the pendency of this appeal,[3] we are required to reverse and remand.
 {¶ 2} Duckworth was on parole following his release from prison for a crime committed before July 1, 1996. Because he was not home during an attempted visit by his parole officer, he was declared a parole violator at large and indicted for escape. He moved to dismiss the indictment because of this court's opinion that a person on parole for a crime committed before July 1, 1996, could not be guilty of escape.[4] The State's sole assignment of error is set forth in the appendix to this opinion.
 {¶ 3} The syllabus in State v. Thompson provides: "A parolee who fails to report to his parole officer after March 17, 1998, may be prosecuted for escape under R.C. 2921.34, regardless of when his or her underlying crime was committed."[5]
 {¶ 4} Duckworth argues on appeal that application of Statev. Thompson violates ex post facto laws. We have previously decided this argument has no merit.[6] The Supreme Court has ruled that escape is a new criminal offense and the date of the "underlying crime is of no consequence."[7] Under this ruling, Duckworth's escape charge is based on conduct that occurred after the statutory amendments and does not run afoul of ex post facto laws.[8] The assignment of error has merit. Judgment reversed and remanded.
APPENDIX — ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN DISMISSING THE ESCAPE CHARGE AGAINSTTHE DEFENDANT.
It is ordered that appellant recover from appellee costs herein taxed.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, J., andCalabrese Jr., J., concur.
[1] R.C. 2921.34.
[2] Cuyahoga App. No. 78919, 2002-Ohio-6478.
[3] State v. Thompson (2004), 102 Ohio St.3d 287,2004-Ohio-2946, 809 N.E.2d 1134.
[4] See Thompson, Cuyahoga App. No. 78919, 2002-Ohio-6478, supra (vacating defendant's escape conviction).
[5] Thompson, 102 Ohio St.3d 287, at syllabus.
[6] See State v. Helton, Cuyahoga App. No. 83960, 2004-Ohio-4231, at ¶ 6, n. 3 ("Helton's ex post facto argument is without merit."); State v. Davis, Cuyahoga App. No. 82855,2004-Ohio-5027 (rejecting appellant's ex post facto argument).
[7] Thompson, 2004-Ohio-2946, at ¶ 17.
[8] Id.