JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant State of Ohio appeals from a decision of the Cuyahoga County Court of Common Pleas which granted defendant-appellee Quentin Nevel's motion to dismiss a charge of escape pursuant to R.C. 2921.34. For the reasons that follow, we reverse the decision of the trial court and remand for further proceedings. On May 2, 2003, Mr. Nevel was indicted on one count of escape, in violation of R.C. 2921.34. He filed a motion to dismiss the indictment on December 8, 2003, which was granted by the trial court on the authority of State v.Thompson, Cuyahoga App. No. 79819, 2002-Ohio-6478.[1] It is from this decision that the State has timely appealed and raises one assignment of error for our review:
 {¶ 2} "I. Whether the trial court erred in granting defendant's motion to dismiss."
 {¶ 3} The appellate decision upon which the trial court relies has recently been reversed by the Ohio Supreme Court inState v. Thompson (2004), 102 Ohio St.3d 287, 2004-Ohio-2946. Accordingly, a parolee who fails to report to his parole officer after March 17, 1998 may be prosecuted for escape under R.C.2921.34 regardless of when his or her underlying crime was committed.
 {¶ 4} Therefore, we find the State's sole assignment of error well taken and reverse and remand to the trial court for proceedings consistent with this opinion.
Judgment reversed and remanded.
It is ordered that appellant recover of appellee its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kilbane, P.J., and Calabrese, Jr., J., concur.
[1] In Thompson, this Court found the provision of R.C.2967.021 ambiguous as to whether the 1998 version of R.C. 2967.15
(which included parolees within the definition of those who could be prosecuted for escape) applied to persons sentenced on an underlying offense prior to 1996 but paroled after 1998. Thus, this Court construed the ambiguity against the State and applied the prior version of R.C. 2967.15, which excluded the parolee from prosecution for escape.