JOURNAL ENTRY AND OPINION
{¶ 1} The State of Ohio appeals from an order of Judge Jose A. Villanueva granting Tyrone Johnson's motion for reconsideration of acquittal on charges of escape. The State claims it was error to grant this motion post-sentence. We affirm.
 {¶ 2} From the record we glean the following: In June 1995, Johnson pleaded guilty to three counts of felonious assault with violence specifications and was sentenced to three concurrent terms of five- to fifteen-years imprisonment.[1] He was paroled in December 2000 and, when he failed to report to his parole officer in May 2002, he was indicted on one count of escape.
 {¶ 3} The case proceeded to a jury trial in November 2002 and, after moving for a Crim.R. 29 motion for acquittal, both at the close of the State's case and at the close of the defense's case, Johnson's motions were denied. He was found guilty and sentenced to two years' imprisonment, to run concurrent to any additional time imposed by the parole board, sentenced to post-release control, and ordered to pay court costs.
 {¶ 4} Shortly after the jury verdict, Johnson moved for acquittal, a hearing was held, and the judge vacated his sentence and stayed the order pending an appeal.[2]
 {¶ 5} In January 2003, Johnson appealed his conviction,[3] but the case was dismissed for lack of a final appealable order and remanded for sentencing. Upon remand, a sentencing hearing was called and Johnson moved for dismissal based on our decision in State v. Thompson.[4] The judge granted his motion, vacated his conviction and dismissed the case. It is from this order that the State appeals in a single assignment of error set forth in the appendix to this opinion.
 {¶ 6} The State submits that the judge erred in granting Johnson's motion for reconsideration and acquitting him post-sentence, this argument, however, assumes that the December 2002 order was a final appealable order — a position that the State advocated against in moving to dismiss Johnson's original appeal under R.C. 2505.02. Johnson instead contends that the State should be collaterally estopped from arguing that the judge entered a final appealable order and then reversed himself. We agree.
 {¶ 7} The doctrine of collateral estoppel holds that, "a fact or a point that was actually and directly at issue in a previous action, and was passed upon and determined by a court of competent jurisdiction, may not be drawn into question in a subsequent action between the same parties or their privies, whether the cause of action in the two actions be identical or different."[5] The docket reflects that Johnson's original appeal was dismissed for lack of a final appealable order and was remanded for purposes of sentencing, a time when Thompson,
supra, was still pending before the Ohio Supreme Court.[6]
Instead of staying the case pending the decision of the Supreme Court, the judge ordered Johnson's release.
 {¶ 8} The journal entry dismissing the case and vacating Johnson's conviction stated in relevant part, "[f]inding that the pronouncements of the eighth district court of appeals to be compelling, if not binding, the request for vacation of conviction and dismissal of this case is hereby granted." It is clear from this order that the judge was not granting a delayed motion for reconsideration, but was instead responding to a request under Civ.R. 60(B).
 {¶ 9} Under Crim.R. 57(B), a judge can adopt the provisions Civ.R. 60(B) and be guided by this court's decision.[7]
More importantly, there is no provision that permits the State to appeal a dismissal/acquittal absent an attack on the basis of the decision.
 {¶ 10} Further, in this appeal, the State does not challenge the merits of the judge's reliance on, or this court's holding in, Thompson; but, instead, specifically challenges the jurisdiction of the judge to grant a motion for reconsideration based on Thompson. This assignment of error lacks merit.
Judgment affirmed.
APPENDIX A: ASSIGNMENT OF ERROR
 I. THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION FORRECONSIDERATION TO GRANT JUDGMENT OF ACQUITTAL POST-SENTENCE.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, J., and Calabrese Jr., J., Concur.
[1] CR 320644.
[2] There is no transcript. The journal entry is rather unclear because Johnson had not filed an appeal, and this court's decision in State v. Thompson, (November 27, 2002), Cuyahoga App. No. 78919, 2002-Ohio-6478, finding that a person on parole for a crime committed before July of 1996 could not be guilty of escape, had not yet been appealed to the Ohio Supreme Court.
[3] CA 82275.
[4] (November 27, 2002), Cuyahoga App. No. 78919, 2002-Ohio-6478.
[5] Ft. Frye Teachers Assn., OEA/NEA v. State Emp. RelationsBd. (1998), 81 Ohio St.3d 392, 395, 1998-Ohio-435,692 N.E.2d 140.
[6] 102 Ohio St.3d 287, 2004-Ohio-2946, 809 N.E.2d 1134.
[7] State v. Billheimer (Dec. 3, 1992), Montgomery App. No. 13281, Appeal dismissed, 66 Ohio St.3d 1473, 611 N.E.2d 834.