JOURNAL ENTRY AND OPINION
{¶ 1} Johnny Belt appeals from the trial court's decision, which denied his motion to withdraw his guilty plea concerning a conviction for escape, in violation of R.C. 2921.34. Belt claims that, given our decision in State v. Thompson, Cuyahoga App. No. 78919, 2002-Ohio-6478, his conviction should be vacated in order to correct a manifest miscarriage of justice. After reviewing Belt's argument and the applicable law, we affirm the trial court's decision. The apposite facts are as follows.
 {¶ 2} On January 25, 1991, Belt was convicted of attempted felonious assault and was subsequently incarcerated; he was eventually paroled on April 12, 1998. In August and October 1999, Belt was charged in two new criminal cases, CR-99-379110 and CR-99-381699. On December 6, 1999, Belt entered pleas of guilty in both cases, however, he failed to appear for sentencing and warrants were issued for his arrest.
 {¶ 3} On August 2, 2000, Belt failed to report to his parole officer for the 1991 offense and was subsequently charged with escape. On August 23, 2002, Belt was finally apprehended by authorities. On October 17, 2002, he pleaded guilty to the charge of escape and was sentenced on all three cases.
 {¶ 4} On November 22, 2002, this court issued its opinion inState v. Thompson, supra, holding that a parolee cannot be prosecuted for escape if the underlying crime for which the defendant was placed on parole occurred prior to July 1, 1996.
 {¶ 5} Following the release of that opinion, Belt filed a pro se motion to withdraw his guilty plea regarding the escape charge. He also filed a pro se motion to vacate the escape conviction. Both motions were denied by the trial court.
 {¶ 6} On April 29, 2004, this court granted Belt's pro se request to file a delayed appeal and appointed appellate counsel.
 {¶ 7} In his sole assignment of error, Belt claims that the trial court erred by denying his motion to withdraw his guilty plea or in the alternative his motion to vacate his conviction for escape based on this court's decision in State v. Thompson,
supra.
 {¶ 8} The Ohio Supreme Court recently reversed[1] our decision in Thompson, holding that a parolee who fails to report to his parole officer after March 17, 1998 may be prosecuted for escape under R.C. 2921.34 regardless of when his or her underlying crime was committed. Therefore, because Belt's entire appeal was dependent on our Thompson holding, which was recently reversed, the decision of the trial court denying Belt's motion to withdraw his guilty plea or motion to vacate was proper, and his conviction for escape is affirmed.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Cooney, J., Concurs; Dyke, P.J., Concurs in judgment only.
[1] State v. Thompson, 102 Ohio St.3d 287, 290, 2004-Ohio-2946,809 N.E.2d 1134.