JOURNAL ENTRY and OPINION
{¶ 1} The State of Ohio appeals the trial court's dismissal of the escape charge against defendant-appellee, Eddie Evans ("Evans"). Finding merit to the appeal, we reverse and remand for further proceedings.
 {¶ 2} In November 2003, Evans was charged with one count of escape for failing to report to his parole officer. The trial court granted Evans' motion to dismiss the indictment under the purview of this court's holding in State v. Thompson, Cuyahoga App. No. 79819, 2002-Ohio-6478. The State appeals, raising one assignment of error, in which it argues that the trial court erred in dismissing the escape charge.
 {¶ 3} The Ohio Supreme Court recently reversed this court's decision in Thompson and determined that a parolee who fails to report to his parole officer after March 17, 1998 may be prosecuted for escape under R.C. 2921.34, regardless of when the underlying crime was committed. State v. Thompson,102 Ohio St.3d 287, 290, 2004-Ohio-2946, 809 N.E.2d 1134, 1137. We, therefore, find that Evans, by failing to report to his parole officer in May 2003, may be prosecuted for escape. See, also,State v. Grier, Cuyahoga App. No. 83236, 2004-Ohio-4624; Statev. Davis, Cuyahoga App. No. 82855, 2004-Ohio-5027; State v.McPherson, Cuyahoga App. No. 82558, 2004-Ohio-5202. Therefore, the trial court erred in dismissing the charge against Evans.
 {¶ 4} As for Evans' argument that prosecuting him for escape violates the ex post facto clause of the United States Constitution, we find that the Ohio Supreme Court implicitly rejected this argument. In Thompson, supra, the Court emphasized that it was the parolee's failure to report which constituted a new criminal offense, occurring after March 17, 1998. "Thus, [the parolee] is subject to the law regarding escape as it existed when he failed to report." Id. at ¶ 16. Accordingly, imposing a sentence for a new felony offense under the law in effect at the time of the new offense does not violate the ex post facto clause.
 {¶ 5} The State's sole assignment of error is sustained.
Judgment reversed and case remanded.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee the costs herein.
It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Corrigan, A.J. and Karpinski, J. Concur.