JOURNAL ENTRY and OPINION
{¶ 1} Appellant State of Ohio appeals the trial court's dismissal of appellee David Cobb's indictment for escape. The State assigns the following error for our review:[1]
 {¶ 2} "I. The trial court erred in granting defendants's motion to dismiss."
 {¶ 3} Having reviewed the record and pertinent law, we reverse the trial court's judgment, and remand for further proceedings consistent with this opinion. The apposite facts follow:
 {¶ 4} In 1992, appellee David Cobb pled guilty to trafficking in drugs. After being paroled, Cobb failed to report to his parole officer. Consequently, the State charged Cobb with one count of escape.
 {¶ 5} On September 24, 2003, Cobb filed a motion to dismiss arguing the State could not charge him with escape because the underlying crime occurred prior to July 1, 1996. The State opposed the motion. On October 20, 2003, the trial court agreed with Cobb and dismissed the indictment with prejudice. The State now appeals.
 {¶ 6} In its sole assigned error, the State argues the trial court erred in granting Cobb's motion to dismiss. We agree.
 {¶ 7} The trial court based its decision on R.C. 2967.021, which became effective July 1, 1996, as part of Am.Sub.S.B. No. 2. 146 Ohio Laws, Part IV, 7136, 7573. This statute provides that one's treatment as a parolee is determined by the date of his or her underlying crime.
 {¶ 8} However, in its recent decision in State v. Thompson,[2] the Ohio Supreme Court held a parolee who fails to report to his parole officer after March 17, 1998, may be prosecuted for escape under R.C.2921.34, regardless of when his or her underlying offense was committed. The Ohio Supreme Court reasoned that the escape offense is considered a separate and new offense.
 {¶ 9} The facts showed Cobb failed to report to his parole officer. This act constitutes a new and separate crime under State v. Thompson.
Accordingly, we sustain the State's sole assigned error.
Judgment reversed and remanded for further proceedings consistent with this opinion.
This cause is reversed and remanded.
It is, therefore, ordered that said appellant recover of said appellee its costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, J., and Cooney, J., concur.
[1] This case was stayed pending the Ohio Supreme Court's decision inState v. Thompson, 102 Ohio St.3d 287, 2004-Ohio-2946.
[2] 102 Ohio St.3d 287, 2004-Ohio-2946.