[Cite as *State v. Wachter*, 2019-Ohio-4318.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2019-G-0187** |
| EDWARD R. WACHTER, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Geauga County Court of Common Pleas, Case No. 2018 C 000048.

Judgment: Affirmed.

*James R. Flaiz*, Geauga County Prosecutor, and *Ashley M. Garrett,* Assistant Prosecutor, 231 Main Street, 3rd Floor, Chardon, Ohio 44024 (For Plaintiff-Appellee).

*Jay F. Crook,* Shryock, Crook & Associates, LLP, 30601 Wickliffe, Ohio 44092 (For Defendant-Appellant).

THOMAS R. WRIGHT, P.J.

{¶1} Appellant, Edward R. Wachter, seeks reversal of his abduction and felonious assault convictions. He contests effectiveness of trial counsel and the denial of his motion to inspect his own financial documents. We affirm.

{¶2} In April 2018, appellant was indicted on charges of rape, felonious assault, and domestic violence. The charges stem from a four-hour confrontation between appellant and his wife at their residence. According to him, the dispute arose from his

wife's inability to produce documents concerning his retirement savings.

{¶3} Following their initial investigation at the residence, township police officers arrested appellant and transported him to a local jail. Although appellant initially invoked his right to remain silent, he subsequently gave written and videotaped statements to the police. Defense counsel did not move to suppress the statements.

{¶4} After entering a not guilty plea, appellant moved the trial court for an order to inspect and copy his financial records located at the marital residence, maintaining they were necessary to prepare his defense. Following a preliminary review of the motion, the trial court issued a judgment that the wife's rights were tantamount in determining whether appellant or his counsel should be permitted to enter the marital residence. The court therefore ordered the prosecutor to determine whether she had any objections to the inspection.

{¶5} In response, the prosecutor gave written notice that wife objected to the inspection. Appellant then alleged that she had depleted the family assets and that he needed to review the financial records to plan for the family's future. The trial court overruled the motion to inspect.

{¶6} Thereafter, appellant pleaded guilty to felonious assault and abduction, a lesser-included offense of rape. The domestic violence count was dismissed. The trial court accepted the guilty plea and ordered appellant to serve concurrent terms of seven years on the felonious assault charge and thirty months on the abduction charge.

{¶7} In challenging his conviction, appellant raises two assignments for review:

{¶8} "[1.] Appellant's trial counsel committed reversible error for ineffective assistance of counsel for failing to file a motion to suppress with respect to the evidence

obtained, either directly or indirectly, through the custodial interrogation of Edward Wachter.

{¶9} "[2.] The trial court committed reversible error in refusing to allow appellant access to family financial and computer records that would support one or more defenses, including but not limited to evidence supporting a lesser offense and/or evidence of diminished mental capacity on the part of Appellant."

{¶10} Under his first assignment, appellant argues he was denied effective assistance when trial counsel failed to move to suppress the statements he gave to the police five days after his arrest. He contends that he lacked the mental capacity to knowingly and intelligently waive his Miranda rights.

{¶11} In support, appellant asserts that the videotape of his interrogation shows that he told the police officers multiple times he was having problems sleeping at night and he got no sleep the night before the interrogation. He also claims at some point prior to the incident he suffered a severe stroke, and, after he was incarcerated, he was diagnosed with and treated for a mental illness.

{¶12} However, his written and videotaped statements to the police are not part of the record before us.

{¶13} It is well settled that appellant has the duty to demonstrate error on appeal and must provide a record exemplifying his claims. *State v. Causgrove,* 11th Dist. Geauga No. 91-G-1675, 1992 WL 207837 (Aug. 21, 1992). Having failed to do so, appellant's first assignment is without merit.

{¶14} Under his second assignment, appellant asserts that his motion to inspect his financial records should have been granted because he was likely to discover

3

evidence that the victim depleted his retirement savings and that he acted under a sudden fit of rage, justifying a reduction from felonious assault to aggravated assault.

{¶15} By entering his guilty plea, appellant waived his right to challenge rulings on pretrial motions. *State v. McPherson*, 8th Dist. Cuyahoga No. 82558, 2004-Ohio-5202, ¶ 5. Accordingly, the second assignment lacks merit.

{¶16} The judgment of the Geauga County Court of Common Pleas is affirmed.


MATT LYNCH, J.,

MARY JANE TRAPP, J.,

concur.