OPINION.
{¶ 1} Donna Sue Dietz was convicted in the Dayton Municipal Court of disorderly conduct and possessing a firearm without a firearm owners identification card as required by Section 138.11 of the R.C. of the General Ordinances of Dayton, Ohio. She pled no contest to both charges and was found guilty of both, but she is appealing only the conviction for failing to possess a firearm owners identification card. On appeal, represented by counsel, she raises the following two assignments of error:
 {¶ 2} "1. The Dayton, Ohio, Firearm Owners Identification Card Law is an ex post facto law contrary to the United States Constitution.
 {¶ 3} "2. The Dayton, Ohio, Firearm Owners Identification Card Law is contrary to the Second Amendment of the Federal Constitution and Section 4 of Article I of the Ohio Constitution."
 {¶ 4} The record in this case is very thin and contains no transcripts of any proceedings, nor any motions by either party or any decisions by the court on any issue raised to it, except the findings of guilty. There is nothing in the record that indicates or even hints that either of these two issues raised on appeal were ever raised to the trial court. It is settled law that issues raised for the first time on appeal and not having been raised in the trial court are not properly before this court and will not be addressed when the argument is raised for the purpose of reversing the decision of the trial court. State v. Coleman
(1988), 37 Ohio St.3d 286, 294; Merillat v. Fulton Cty. Bd. of Commrs.
(1991), 73 Ohio App.3d 459, 463; State v. Keith (Feb. 23, 2001), Montgomery App. No. 18561.
 {¶ 5} Even if we were to address the first assignment on its merits, there is nothing in the record to indicate that the Dayton firearm owners identification card requirement ordinance was an ex post facto law as applied to this appellant. Thus, there is nothing to indicate that she lawfully owned a firearm before the law was passed and, therefore, subjected her to a criminal penalty for possessing an item lawfully without a card before the law was passed. The first assignment of error is overruled.
 {¶ 6} As to the second assignment of error, again, we find that this was not raised to the trial court. In addition, the appellant recognizes in her counsel's brief that this Dayton law at issue here has been upheld by the Ohio Supreme Court as against both federal and state constitutional challenges. Mosher v. Dayton (1976), 48 Ohio St.2d 243, 2 O.O.3d 412. Her briefs state that: "There are several critical reasons why Mosher is no longer viable and should be reconsidered." (Brief, 4). The problem for the appellant is that this court is not free to reconsider an Ohio Supreme Court decision. The Courts of Appeals are conclusively bound by a decision or ruling on a point of law by the Ohio Supreme Court. As such, we are precluded from engaging in a new consideration of the constitutional question which has been addressed by the Supreme Court of Ohio. 23 Ohio Jurisprudence 3d (1998), Courts and Judges, Section 378.
 {¶ 7} The second assignment of error is overruled, and the judgment is affirmed.
FAIN, P.J. and GRADY, J., concur.