OPINION
{¶ 1} Defendant, Larry Ealy, appeals from his conviction and sentence for violating a civil protection order.
 {¶ 2} On September 23, 2003, Defendant's wife, Belinda Ealy, filed domestic violence charges against Defendant. On January 2, 2004, Belinda Ealy obtained a civil protection order against Defendant from the Montgomery County Domestic Relations Court. Among other things, that Order prohibited Defendant from being within five hundred yards of Belinda Ealy. Under the terms of the Order, Belinda Ealy could not, by her words or conduct, modify the Order or give Defendant permission to contact her, only the Court could do that. Belinda Ealy subsequently had that civil protection order dismissed on May 14, 2004, after she and Defendant reconciled.
 {¶ 3} On March 19, 2004, at Defendant's request, Belinda Ealy went with Defendant to the Montgomery County Credit Union located on Monument Avenue in Dayton. One of the purposes in going there was so Defendant could have notarized an affidavit that he wanted Belinda Ealy to sign. The affidavit stated that Belinda Ealy had lied to police about Defendant assaulting her when she filed the September 2003 domestic violence charges.
 {¶ 4} When Defendant and Mrs. Ealy arrived together at the credit union, Defendant asked for a notary public. Mrs. Ealy was reluctant to sign the affidavit, and she stated in front of the notary public that she did not want to sign it. Defendant insisted that she sign, saying nothing bad was going to happen to her. After a twenty minute discussion between Defendant and Mrs. Ealy, she finally signed the affidavit and the credit union loan manager, Larry Akers, notarized it.
 {¶ 5} Defendant was subsequently charged by complaint filed in Dayton Municipal Court with violation of a protection order, R.C. 2919.27(A)(1), and intimidation of a victim in a criminal case, R.C. 2921.04(A). Following a jury trial, Defendant was found guilty of violating the protection order but not guilty of intimidating a crime victim. The trial court sentenced Defendant to ninety days in jail, all suspended, one year of supervised probation, and community control sanctions including counseling.
 {¶ 6} Defendant timely appealed to this court from his conviction and sentence.
ASSIGNMENT OF ERROR
 {¶ 7} WHETHER SECTIONS 2919.27(A) AND 3113.31(E) OF THE OHIO REVISED CODE VIOLATE THE DUE PROCESS CLAUSE OF THEFOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE 1, SECTION 10 OF THE OHIO CONSTITUTION DUE TO THE VAGUENESS OF THE STATUTORY LANGUAGE.
 {¶ 8} In his sole assignment of error Defendant challenges the constitutionality of R.C. 2919.27, arguing that the section as applied in conjunction with R.C. 3113.31(E) is void for vagueness.
 {¶ 9} R.C. 2919.27(A)(1), the violation of which Defendant was convicted, provides that no person shall recklessly violate a protection order issued pursuant to R.C. 2919.26 or R.C. 3113.31. On the other hand, R.C. 3113.31(E)(1)(d) permits a court to grant a protection order on a claim of domestic violence that temporarily allocates parental rights and responsibilities for the care of minor children. Defendant contends that, in combination, these sections are unconstitutionally vague because "the respondent of a protection order is prohibited from having any contact with the petitioner, but on the other hand, the very same order may allow contact for the purpose of parenting time rights." (Brief, p. 9)
 {¶ 10} R.C. 2919.27(C)(6) authorizes issuance of a temporary protection order for the protection of a victim that "include(s) a requirement that the alleged offender refrain from entering the residence, school, business, or place of employment of the complainant, alleged victim, or the family or household member" for whose protection the order is issued. Nothing in those prohibitions necessarily conflicts with the parenting time provisions of R.C. 3113.31(E)(1)(d). Both are permissive, and the court may tailor an order consistent with both on the basis of the evidence a petitioner presents. We see no conflict, much less the void-for-vagueness defect Ealy argues. However, we need not reach the issue in rendering a decision, for at least two reasons.
 {¶ 11} First, on this record there is no basis to find that any parenting time provision authorized by R.C. 3113.31(E)(1)(d) was a part of the protection order the court had issued restraining Ealy. Therefore, he could not have been prejudiced by the constitutional defect alleged.
 {¶ 12} Second, careful review of the trial record discloses that Defendant failed to raise in the trial court an issue regarding the constitutionality of R.C. 2919.27. Defendant did not argue in the trial court that this statute is void for vagueness, even though the basis for his contention was apparent at the time of trial. Under those circumstances this constitutional issue has been waived, and we decline to consider it for the first time on appeal. State v. Awan (1986), 22 Ohio St.3d 120; State v. Petrusch (November 15, 1995), Montgomery App. No. 14983; State v. Thurman (June 28, 1995), Montgomery App. No. 14741.
 {¶ 13} The assignment of error is overruled. The judgment of the trial court will be Affirmed.
Brogan, J. And Wolff, J., concur.