OPINION
{¶ 1} On September 19, 2004, the Tuscarawas County Grand Jury indicted appellant, Joseph Lucas, on one count of attempted rape in violation of R.C. 2907.02/2923.02 and one count of gross sexual imposition in violation of R.C. 2907.05. Said charges arose from an incident involving Charlotte Anslow while she was working as a bartender at the Pub in the Schoenbrunn Inn motel in New Philadelphia, Ohio.
 {¶ 2} A jury trial commenced on June 28, 2005. The jury found appellant guilty of the attempted rape charge, but not guilty of the gross sexual imposition count. By judgment entry filed August 15, 2005, the trial court sentenced appellant to four years in prison.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "THE STATE PROVIDED INSUFFICIENT EVIDENCE TO CONVICT THE DEFENDANT OF ATTEMPTED RAPE."
 II {¶ 5} "THE DEFENDANT'S CONVICTION OF ATTEMPTED RAPE WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 III {¶ 6} "THE TRIAL COURT ERRED IN PRECLUDING THE DEFENSE FROM CROSS-EXAMINING THE ALLEGED VICTIM ON HER PAST FALSE DOMESTIC VIOLENCE ALLEGATIONS."
 I, II {¶ 7} Appellant claims his conviction for attempted rape was against the sufficiency and manifest weight of the evidence. We disagree.
 {¶ 8} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991),61 Ohio St.3d 259. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Jenks at paragraph two of the syllabus, followingJackson v. Virginia (1979), 443 U.S. 307. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v.Martin (1983), 20 Ohio App.3d 172, 175. See also, State v.Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction."Martin at 175.
 {¶ 9} Appellant was convicted of attempted rape in violation of R.C. 2907.02(A)(2) and R.C. 2923.02 which state the following, respectively:
 {¶ 10} "No person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force.
 {¶ 11} "No person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct that, if successful, would constitute or result in the offense."
 {¶ 12} "Sexual conduct" is defined in R.C. 2907.01(A) as follows:
 {¶ 13} "`Sexual conduct' means vaginal intercourse between a male and female; anal intercourse, fellatio, and cunnilingus between persons regardless of sex; and, without privilege to do so, the insertion, however slight, of any part of the body or any instrument, apparatus, or other object into the vaginal or anal cavity of another. Penetration, however slight, is sufficient to complete vaginal or anal intercourse."
 {¶ 14} "Purposely" is defined in R.C. 2901.22(A) as follows:
 {¶ 15} "A person acts purposely when it is his specific intention to cause a certain result, or, when the gist of the offense is a prohibition against conduct of a certain nature, regardless of what the offender intends to accomplish thereby, it is his specific intention to engage in conduct of that nature."
 {¶ 16} In State v. Woods (1976), 48 Ohio St.2d 127, paragraph one of the syllabus, the Supreme Court of Ohio set forth the "substantial step" test in attempt cases:
 {¶ 17} "A `criminal attempt' is when one purposely does or omits to do anything which is an act or omission constituting a substantial step in a course of conduct planned to culminate in his commission of the crime. To constitute a substantial step, the conduct must be strongly corroborative of the actor's criminal purpose." See also, State v. Group, 98 Ohio St.3d 248,2002-Ohio-7247, ¶ 95.
 {¶ 18} In State v. Davis, 76 Ohio St.3d 107, 114, 1996-Ohio-414, the Supreme Court of Ohio further discussed the substantial step test as follows:
 {¶ 19} "Attempted rape requires that the actor (1) intend to compel submission to sexual conduct by force or threat, and (2) commit some act that `"convincingly demonstrate[s]"' such intent.
 {¶ 20} "* * *
 {¶ 21} "While removing the victim's clothing can amount to a `substantial step' toward the commission of rape, State v.Powell (1990), 49 Ohio St.3d 255, 261, 552 N.E.2d 191, 198, a defendant cannot be convicted of attempted rape solely on evidence that he removed the victim's clothing. There must be evidence indicating purpose to commit rape instead of some other sex offense, such as gross sexual imposition, R.C. 2907.05, which requires only sexual contact." (Emphasis sic.)
 {¶ 22} Appellant argues there was no verbalization of his intentions and his acts were insufficient to prove he intended to rape the victim as opposed to some other sexual contact. We disagree with this argument for the following reasons.
 {¶ 23} The victim testified that after she served appellant the beer he had requested, she proceeded to clean up and close the bar. T. at 177-178. While in the kitchen area, the victim observed feet and the next thing she remembers "I went down on the floor, I couldn't get up. I was being drug out the back door." T. at 179-180. She stated "I just fought, I just kicked and I screamed and I hit windows and did whatever I could do to get him off of me." T. at 180. The victim's shirt came completely off of her, her bra was ripped and she had scrapes and was bleeding. T. at 180, 194-195. After her shirt was off, appellant told the victim "the pants are coming off." T. at 181. The victim grabbed a hold of a partition and hung on until it snapped to stop appellant from pulling off her pants. T. at 181, 190-192. Others came to the victim's rescue, yelling at appellant to "Get off her, get off her." T. at 181.
 {¶ 24} While appellant was attacking the victim, he had his pants down around his ankles and was not wearing underwear. T. at 182. Appellant was on top of the victim. Id. Appellant grabbed the victim's breasts and crotch area. T. at 183. The victim sustained numerous abrasions to her back and neck, including scratch marks across her left breast. T. at 196, 198. The victim described the attack as an "assault." T. at 253.
 {¶ 25} Immediately prior to the attack, appellant told Ryan Sanders, the night auditor at the Schoenbrunn Inn motel, that he "wouldn't mind taking her [the victim] home." T. at 230. Shortly after making this statement, appellant left and Mr. Sanders heard someone screaming and guests hollering. T. at 230-231. Mr. Sanders observed appellant run through the main front lobby doors toward the restroom with his pants halfway down. T. at 234.
 {¶ 26} Randall Barrett, a guest at the motel, testified to hearing the victim's screams and observing appellant pretty much over her with his arms around her as she attempted to beat on the window. T. at 261-262, 269.
 {¶ 27} As cited supra, the act of rape is engaging in "sexual conduct" which includes intercourse, fellatio, and cunnilingus with penetration, however slight. Therefore, we specifically find appellant's act of lying on the victim with his genitals exposed to her vaginal area while attempting to pull off her pants was a "substantial step" to rape. It is disingenuous to declare that conduct other than sexual conduct was about to occur if the victim had been subdued. It would be folly to draw a minuscule line through such conduct and find it was not a substantial step to raping the victim.
 {¶ 28} We find the jury properly considered all of the facts. The not guilty verdict on the gross sexual imposition count establishes the scratching of the victim's breast was not for sexual gratification, but an attempt to subdue the victim for the rape.
 {¶ 29} Upon review, we find sufficient evidence to support the conviction, and no manifest miscarriage of justice.
 {¶ 30} Assignments of Error I and II are denied.
 III {¶ 31} Appellant claims the trial court erred in not permitting cross-examination of the victim on prior claims of domestic violence she had levied against her husbands. We disagree.
 {¶ 32} The admission or exclusion of evidence rests in the trial court's sound discretion. State v. Sage (1987),31 Ohio St.3d 173. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
 {¶ 33} The questioning involved whether the victim had falsely accused all four of her husbands of domestic violence. T. at 214-217.
 {¶ 34} The first analysis a trial court must engage in is whether the questioning is relevant. Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evid.R. 401. "Although relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury." Evid.R. 403.
 {¶ 35} Evid.R. 608(B) governs specific instances of conduct and states as follows:
 {¶ 36} "Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness's character for truthfulness, other than conviction of crime as provided in Evid. R. 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if clearly probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness's character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified."
 {¶ 37} Appellant argues the questioning was an effort to cast light on the victim's truthfulness and therefore was probative. We disagree with this argument for two reasons.
 {¶ 38} First, defense counsel admitted he did not know how the victim would answer. T. at 215. This line of questioning is akin to the old anecdote, "Have you stopped beating your wife?" Secondly, given the testimony of the various witnesses, the issue of truthfulness of what appellant actually did to the victim was not unsubstantiated.
 {¶ 39} Upon review, we conclude the trial court was correct in finding the questioning was not relevant. Any relevance the questioning may have had would have been outweighed by unfair prejudice.
 {¶ 40} Assignment of Error III is denied.
 {¶ 41} The judgment of the Court of Common Pleas of Tuscarawas County, Ohio is hereby affirmed.
Farmer, J., Wise, P.J. and Hoffman, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio is affirmed.