OPINION
{¶ 1} This matter is before the court on the Notice of Appeal of Chad A. Love, filed April 17, 2006. On August 19, 2005, a Montgomery County Grand Jury indicted Love on one count of escape, in violation of R.C.2921.34(A)(1). At the time of the alleged escape, Love was under Adult Parole Authority supervision on a burglary charge, and he failed to comply with a condition of his supervision, namely to keep his supervising officer informed of his residence. Love filed a Motion to Suppress, which he later withdrew, and a Motion to Dismiss. On March 10, 2006, the trial court held a hearing on the Motion to Dismiss and overruled it. On April 7, 2006, Love entered a plea of no contest to the escape charge. Love herein appeals the denial of his Motion to Dismiss.
 {¶ 2} Love asserts two assignments of error, which we will address together. They are as follows:
 {¶ 3} "THE TRIAL COURT ERRED IN FAILING TO FIND THE DEFINITION OF `DETENTION' IN R.C. 2921.01(E), AS USEDIN R.C. 2921.34, UNCONSTITUTIONALLY VAGUE ON ITS FACE AS IT RELATES TO PAROLE AND POST RELEASE CONTROL VIOLATORS." And,
 {¶ 4} "THE TRIAL COURT ERRED IN FAILING TO FIND THE DEFINITION OF `DETENTION' IN R.C. 2921.01(E) AS USEDIN R.C. 2921.34, UNCONSTITUTIONALLY VAGUE AS IT RELATES TO PAROLE AND POST RELEASE CONTROL VIOLATORS AS APPLIED TO MR. LOVE."
 {¶ 5} A statute is presumed constitutional and the moving party must prove that the statute is unconstitutional beyond a reasonable doubt.State v. Anderson (1991), 57 Ohio St.3d 168, 171, 566 N.E.2d 1224. "It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined. Vague laws offend several important values. First, because we assume that man is free to steer between lawful and unlawful conduct, we insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly. Vague laws may trap the innocent by not providing fair warning. Second, if arbitrary and discriminatory enforcement is to be prevented, laws must provide explicit standards for those who apply them. A vague law impermissibly delegates basic policy matters to policemen, judges and juries for resolution on an ad hoc and subjective basis, with the attendant dangers of arbitrary and discriminatory application." State v. VFW Post431, Montgomery App. No. 19892, 2004-Ohio-3566. A challenger must show that the statute is vague "'not in the sense that it requires a person to conform his conduct to an imprecise but comprehensible normative standard, but rather in the sense that no standard of conduct is specified at all.'" Anderson, at 171(citations omitted). "Accordingly, when a statute is challenged under the due process doctrine of vagueness, a court must determine whether the enactment (1) provides sufficient notice of its proscriptions and (2) contains reasonably clear guidelines to prevent official arbitrariness or discrimination in its enforcement." Perez v. Cleveland (1997), 78 Ohio St.3d 376, 378,678 N.E.2d 537, 1997-Ohio-33.
 {¶ 6} "'Detention' means * * * supervision by an employee of the department of rehabilitation and correction of a person on any type of release from a state correctional institution." R.C. 2921.01(E). A person who, "knowing the person is under detention * * * purposely break[s] or attempt[s] to break the detention" is guilty of escape. R.C.2921.34.
 {¶ 7} As the trial court correctly noted in its Decision, the Ohio Adult Parole Authority supervises parolees, like Love, from the penal system. In consideration of having been granted supervision, Love signed a document entitled "Conditions of Supervision." The second Condition provided as follows: "I will always keep my supervising officer informed of my residence * * * . I will obtain permission from my supervising officer before changing my residence * * * . I understand that if I am a releasee and abscond supervision, I may be prosecuted for the crime of escape, under section 2921.34 of the Revised Code."
 {¶ 8} At the hearing on Love's Motion to Dismiss, Love's supervising officer, Chris Hickman, was the only witness before the court. Hickman testified that the Adult Parole Authority has guidelines in effect that its officers must follow before a releasee may be declared an absonder. Hickman stated, "We're to go identify where they live. They're supposed to tell us. It's under their responsibility to tell us where they live. We go out to the residence, verify that." If a releasee is missing, Hickman stated he was required to open a 30 day investigation, in the course of which he was to visit the last known address of the releasee. Unable to locate Love, and without any information as to his whereabouts, the Adult Parole Authority declared Love an absconder.
 {¶ 9} R.C. 2921.01(E) provided Love with notice that, as a person on release from a state correctional institution, he was under detention. R.C. 2921.34 put Love on notice that he was not to break his detention. The Conditions of Supervision, which Love signed, further evidences Love's notice that he was under detention and subject to arrest pursuant to R.C. 2921.34, were he to abscond. Hickman's testimony regarding the Adult Parole Authority's guidelines, within which he acted, belies Love's argument that Hickman's conduct was arbitrary or discriminatory. As the definition of "detention" is not vague, and the conduct prohibited by R.C. 2921.34 is clear, Love's assignments of error are overruled, and the judgment of the trial court is affirmed.
WOLFF, P.J. and BROGAN, J., concur.