OPINION
{¶ 1} Defendant-appellant, Marlin McCuller, appeals from his conviction in the Butler County Court of Common Pleas for one count of escape. For the reasons outlined below, we affirm the conviction.
 {¶ 2} In September 2004, appellant was indicted for one count of escape in violation of R.C. 2921.34(A)(1), a second-degree felony. Appellant pled not guilty and the matter proceeded to a jury trial, held December 6, 2005. Prior to trial, the state and appellant's counsel conducted a voir dire examination of the prospective jury members. During the examination of the panel, a number of prospective jurors indicated that they had family members who had been convicted of criminal offenses. Finally, the state asked if there was any juror who would not be able to sit through the trial. One juror, Douglas Boyton, raised his hand and indicated that he needed to attend "Life Skills" classes in the afternoons.
 {¶ 3} In exercising its peremptory challenges, the state removed four prospective jurors including Boyton and another woman, Marquita Arnold, both of whom are African-American. Appellant's trial counsel objected to the removal of Boyton and Arnold as discriminatory and in violation of the law established in Batsonv. Kentucky (1986), 476 U.S. 79,106 S.Ct. 1712. The court heard arguments on appellant's objection and then overruled it, finding that the state had offered sufficient race-neutral justifications for its removal of both Boyton and Arnold.
 {¶ 4} At trial, the state presented the testimony of Claude Saliba. Saliba, appellant's parole officer, testified that as conditions of his parole, appellant was required to obtain permission prior to changing his residence and was required to report to weekly drug testing. Saliba testified that during the months of April, May, and June 2004 appellant changed residences without prior authorization and failed to report to drug testing multiple times.
 {¶ 5} The jury found appellant guilty on the charge of escape. The trial court sentenced appellant to four years imprisonment. We granted appellant's motion to file a delayed appeal on September 9, 2005. Appellant then filed this appeal, raising four assignments of error for our review.
 {¶ 6} Assignment of Error No. 1:
 {¶ 7} "WHEN THE PROSECUTOR EXERCISES A PEREMPTORY CHALLENGE OF A PROSPECTIVE JUROR IN A RACIALLY DISCRIMINATORY MANNER, IN CONTRAVENTION OF BATSON V. KENTUCKY (1986) 476 U.S. 79, 106 S.CT. 1712, 90 L.Ed.2d 69, AND ITS PROGENY, THE TRIAL COURT'S REFUSAL TO IMPANEL A NEW VENIRE OR FASHION ANOTHER APPROPRIATE REMEDY DEPRIVES THE DEFENDANT OF HIS RIGHT TO EQUAL PROTECTION OF THE LAW, AS GUARANTEED BY THEFOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION, AND ARTICLE 1, SECTION 2 OF THE OHIO CONSTITUTION."
 {¶ 8} Appellant argues that the trial court erred in overruling his objections to the state's use of peremptory challenges to exclude two African-American jurors from the panel, and thereby violated hisFourteenth Amendment right to Equal Protection. Appellant contends the state's use of its peremptory challenges to exclude Boyton and Arnold from the jury panel constituted purposeful discrimination in violation of Batson.
 {¶ 9} In Batson, the United States Supreme Court held that the Equal Protection Clause of the Fourteenth Amendment prohibits the use of peremptory challenges in a discriminatory manner to exclude potential jurors solely on account of their race. "A state denies a black defendant equal protection when it puts [him] on trial before a jury from which members of [his] race have been purposefully excluded."State v. Manns, Clark App. No. 2005 CA 131, 2006-Ohio-5802, ¶ 30, citingBatson.[1] Batson created a three-part test for determining whether a prosecutor's use of a peremptory challenge is racially motivated. First, a defendant must make a prima facie showing of intentional discrimination by demonstrating that the state has used peremptory challenges to exclude potential jurors on the basis of race. Id. at ¶ 31. The defendant must point to facts and relevant circumstances
 {¶ 10} Once a defendant makes a prima facie case of discrimination, the burden shifts to the state to provide a race-neutral explanation for the peremptory challenge. Jordan at ¶ 28, citing Hernandez v. NewYork (1991), 500 U.S. 352, 111 S.Ct. 1859. "The state's explanation need not rise to the level of a `for cause' challenge; rather, it need only be based on a juror characteristic other than race and not be pretextual." Id. "In fact, the prosecutor's explanation for striking the prospective juror is not required to be `persuasive, or even plausible.'" Manns at ¶ 32, quoting Purkett v. Bern (1995),514 U.S. 765, 768, 115 S.Ct. 1769. Rather, the issue is the "facial validity of the prosecutor's explanation. Unless a discriminatory intent is inherent in the prosecutor's explanation, the reason offered will be deemed race neutral." Id. (Citations omitted). Indeed, "the ultimate burden of persuasion regarding racial motivation rests at all times with the opponent of the strike." State v. Ingram, Franklin App. No. 01AP-1343, 2002-Ohio-5013, ¶ 17.
 {¶ 11} Finally, the trial court must then determine whether the defendant has established purposeful discrimination. Manns at ¶ 33. The court must decide whether the prosecutor's race-neutral explanation is credible or is instead a pretext for unconstitutional discrimination. Id. "Because this stage of the analysis rests largely on the trial court's evaluation of the prosecutor's credibility," the findings of the trial court are given great deference. Id. A trial court's determination that a defendant has failed to establish purposeful discrimination will not be reversed on appeal unless that determination can be said to be "clearly erroneous." Id.
 {¶ 12} In State v. Zwelling, Muskingum App. No. CT05-0048,2006-Ohio-2954, the Fifth District Court of Appeals affirmed the trial court's rejection of a Batson challenge under circumstances similar to those presented by the facts of the case before us. When the appellant Zwelling raised a Batson objection to the state's exclusion of an African-American juror, the state asserted that the juror seemed disinterested during voir dire. The state noted that she often closed her eyes during questioning and that she didn't seem to be paying attention. The trial court overruled Zwelling's Batson objection, finding that the state's explanation was race-neutral and not pretextual. Id. at ¶ 26. In affirming the decision of the trial court, the appellate court found that Zwelling had failed to meet his burden of establishing purposeful discrimination. The court noted that, although the state's reason for excusing the prospective juror may have been speculative, there was nothing in the state's explanation or the record to demonstrate that it was racially motivated. Id. at ¶ 27. Therefore, the court found no error in the trial court's decision to overrule Zwelling's Batson objection. Id.
 {¶ 13} Similarly, we find no error in the decision of the trial court in this case. In responding to appellant's Batson objection, the state made the following argument:
 {¶ 14} "Your Honor, with regard to Marquita Arnold, the State struck her based on questioning in my — during my voir dire. I didn't feel that there was — I thought there was body language that wasn't as warm and well-received as other jurors there. And the State would also speak to Mr. Boyton, who was struck. He was the individual who was in college. He was unemployed and the State struck him for his lack of life experience."
 {¶ 15} Initially we note that the trial court properly found that the state's proffered explanations were indeed facially race-neutral. Nothing in the state's explanation relies on the race of either juror. Appellant argues that the state's proffered explanations were minimal and speculative and therefore amount to a pretext for discrimination. However, at this second step of the analysis, the proffered reasons need not be persuasive and the only issue is whether they are race-neutral, which the trial court found them to be.
 {¶ 16} In responding to the state's race-neutral explanations, appellant's trial counsel disputed the fact that Mr. Boyton's status as a college student translated in to a lack of life experience and argued that the state's bare reference to Ms. Arnold's body language was insufficient. However, appellant failed to reference any facts or circumstances which would tend to demonstrate that the state's race-neutral reasons were mere pretext or suggest that the prosecutor was engaging in purposeful discrimination. Ultimately, appellant failed to carry his burden of establishing purposeful discrimination. While the state's proffered explanations may have been minimal and speculative, the trial court found them to be race-neutral. Appellant was unable to point to any circumstances which demonstrated purposeful discrimination or pretext and, as such, the trial court properly overruled appellant'sBatson objection.
 {¶ 17} We also note that appellant takes issue with the fact that the court, in stating its reasons for overruling appellant's Batson
objection, referenced race-neutral facts not offered by the state. Specifically, the court stated:
 {¶ 18} "The Court believes that the State of Ohio has given adequate race neutral reasons for striking both jurors. Mr. Boyton is, as he indicated, is a young African American and indicates he is in the Life Skills Program, which the Court is aware is a program which is specifically designed for people who have — often are required to complete that as a result of a criminal conviction. But that was not asked of him and he denied that he had a criminal record.
 {¶ 19} "As far as the other juror who is Ms. Arnold, again, the Court had a chance to observe her in court and she did indicate that I believe she had a brother who was convicted of a criminal offense. The Court had observed her and the Court believes that the prosecuting attorney's reasons for striking her again rise to the level of a race neutral reason. So the Court will overrule the Batson challenge."
 {¶ 20} However, we disagree with appellant's claim that the court improperly bolstered or added to the state's justifications. The court merely elaborated on its reasons behind finding the state's proffered reasons to be credible.
 {¶ 21} Finally, appellant argues that the court did not carefully consider the claim of discrimination. However, the record is clear that the court carefully evaluated the reasons offered by the state and fully explained the reasons it found the state's proffered reasons to be credible. We cannot say that either the court's evaluation or ultimate determination were clearly erroneous. Accordingly, appellant's first assignment of error is overruled.
 {¶ 22} Assignment of Error No. 2:
 {¶ 23} "[APPELLANT'S] CONVICTION FOR ESCAPE VIOLATES DUE PROCESS BECAUSE R.C. 2921.34 IS UNCONSTITUTIONALLY VAGUE."
 {¶ 24} Assignment of Error No. 4:
 {¶ 25} "APPLICATION OF R.C. 2921.34 TO [APPELLANT] VIOLATES EX POST FACTO CLAUSE OF THE UNITED STATES CONSTITUTION."
 {¶ 26} Because appellant's second and fourth assignments of error may be resolved together, we will address them jointly. In these assignments, appellant argues that R.C. 2921.34 is unconstitutionally vague for its failure to clearly define the conduct it prohibits and because it fails to protect against arbitrary and discriminatory prosecutions. Appellant further argues that his conviction under R.C.2921.34 amounts to ex post facto application of the law and is therefore unconstitutional. However, appellant failed to make either argument to the trial court.
 {¶ 27} Initially we note that the Second District Court of Appeals, under facts nearly identical to the case before this court, recently upheld the constitutionality of R.C. 2921.34 against a vagueness challenge. State v. Love, Montgomery App. No. 21568,2007-Ohio-135 (rejecting claim that statute or definition of "detention" was void for vagueness). Additionally, Ohio courts have recognized that a charge of escape under R.C. 2921.34 is a new criminal offense and does not amount to ex post facto application, regardless of the date of the underlying conviction. State v. Duckworth, Cuyahoga App. No. 84221, 2004-Ohio-5874, citing State v. Thompson, 102 Ohio St.3d, 2004-Ohio-2946.
 {¶ 28} It is well-established that the "failure to raise at the trial court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal." State v. Awan (1986), 22 Ohio St.3d 120. The Ohio Supreme Court declined to address Awan's void-for-vagueness challenge to the constitutionality of R.C. 4513.03, explaining that "an appellate court will not consider any error which counsel for a party could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court." Id. at 122, quoting State v. Childs (1968), 14 Ohio St.2d 56. The court further noted that although appellate courts have "discretion to review a claimed denial of constitutional rights not raised below, `that discretion will not ordinarily be exercised to review such claims, where the right sought to be vindicated was in existence prior to or at the time of trial.'" Id. at 123; see, also, State v. Ealy, Montgomery App. No. 20994, 2006-Ohio-414 (finding defendant waived for appellate review argument regarding constitutionality of R.C. 2912.27). Similarly, the failure to raise, at the trial court level, an argument regarding ex post facto application, waives the issue on appeal. State v. Moore, Cuyahoga App. No. 80416, 2003-Ohio-1154, ¶ 83, State v. Dietz, Montgomery App. No. 19793, 2003-Ohio-5325, ¶ 4.
 {¶ 29} As in the cases cited above, it is clear from the record in this case that appellant failed to raise either constitutional argument regarding R.C. 2921.34 at the trial court level. Because such issues were clearly apparent and available at the time of appellant's trial, we decline to address them for the first time on appeal.
 {¶ 30} Accordingly, appellant's second and fourth assignments of error are overruled.
 {¶ 31} Assignment of Error No. 3:
 {¶ 32} "[APPELLANT'S] CONVICTION VIOLATES DUE PROCESS BECAUSE THERE WAS INSUFFICIENT EVIDENCE TO PROVE THAT HE WAS GUILTY OF PURPOSELY BREAKING DETENTION AS ALLEGED IN THE INDICTMENT."
 {¶ 33} In his third assignment of error, appellant contends that the evidence presented at trial was legally insufficient to support a conviction for escape.
 {¶ 34} R.C. 2921.34(A)(1) provides that "[n]o person, knowing the person is under detention or being reckless in that regard, shall purposely break or attempt to break the detention, or purposely fail to return to detention, either following temporary leave granted for a specific purpose or limited period, or at the time required when serving a sentence in intermittent confinement." R.C. 2921.01 (E) defines "detention," to include "supervision by an employee of the department of rehabilitation and correction of a person on any type of release from a state correctional institution."
 {¶ 35} It is well-established that in order to preserve the right to appeal the sufficiency of the evidence on which a conviction is based, a defendant must timely raise a Crim.R. 29 motion for acquittal with the trial court. State v. Blausey, Licking App. No. 2006-CA-36,2006-Ohio-5536, ¶ 31; see, also, State v. Roe (1989), 41 OhioSt.3d 18. If a Crim.R. 29 motion is not made, a defendant waives his right to argue on appeal that the conviction is based on insufficient evidence. Id.
 {¶ 36} At the close of the state's case, the following colloquy took place:
 {¶ 37} "COUNSEL FOR THE STATE: Your Honor, the State rests at this time with the admission of exhibits States 1 and —
 {¶ 38} "THE COURT: Does the defense wish to call any witnesses?
 {¶ 39} "COUNSEL FOR APPELLANT: Your Honor, at this time I would have motions.
 {¶ 40} "THE COURT: Make them at side bar."
 {¶ 41} (Oral motions made by defense counsel at sidebar off the record.)
 {¶ 42} The court then returned to the record, at which point appellant's counsel submitted exhibits and rested. The court then ordered a five minute recess. After the recess, counsel returned and presented closing arguments.
 {¶ 43} The record does not demonstrate that appellant's trial counsel made a Crim.R. 29 motion during that sidebar conference and we decline to speculate or assume such a critical requirement. We note that App.R. 9(C) permits an appellant to provide a statement asserting the details of proceedings in which no record was made. However, no such supplementary statement demonstrating the existence of a Crim.R. 29 motion has been provided by appellant in this case. Because appellant failed to preserve his right to appeal the sufficiency of the evidence supporting his conviction by including a Crim.R. 29 motion for acquittal in the record, that argument is waived and we will not address it in this appeal.
 {¶ 44} We note that even if we were to reach the merits of appellant's challenge, it is clear from the record that the state presented evidence which, if believed, is sufficient to support appellant's conviction for escape. See State v. Lucas, Tuscarawas App. No 2005AP090063,2006-Ohio-1675, ¶ 8, citing State v. Jenks (1991), 61 Ohio St.3d 259. Appellant's parole officer, Claude Saliba, testified that appellant changed residences without prior authorization, as required under the conditions of his parole release. Saliba also testified that appellant failed to report for required drug testing on multiple dates. Further, the state presented sufficient evidence of the facts and circumstances surrounding appellant's repeated violations of the conditions of his release that a trier of fact could find, beyond a reasonable doubt, that appellant acted purposely in doing so. See State v. Prater, Butler App. No. CA2006-01-017, 2006-Ohio-7028, ¶ 26.
 {¶ 45} Because appellant failed to preserve his argument with regard to the sufficiency of the evidence, and because such argument would be without merit, appellant's third assignment of error is overruled.
Judgment affirmed.
POWELL, P.J., and YOUNG, J., concur.
[1] The trial court noted on the record that appellant was African-American, as well as the prosecuting attorney, and furthermore the state's witness was also African-American.