OPINION
{¶ 1} Symonette Moore pled no contest in the Montgomery County Court of Common Pleas to escape, in violation of R.C. 2921.34(A)(1), based on her failure to report to her parole officer on December 16, 2005. Moore was on parole for an aggravated robbery conviction. The court found her guilty and sentenced her to a mandatory term of two years in prison. Moore *Page 2 
appeals from her conviction, raising two assignments of error, both which assert that R.C. 2921.34 is unconstitutional. For the following reasons, Moore's conviction will be affirmed.
 {¶ 2} As an initial matter, Moore acknowledges that her trial counsel did not file any pre-trial motions and that her challenges to the constitutionality of R.C. 2921.34 were not formally raised before the trial court. Although the trial court stated during the plea and sentencing hearing that it was aware that Moore was "going to pursue an appeal based upon [her] thoughts about the escape statute," the court did not articulate Moore's specific objections to the statute or make any ruling about R.C. 2921.34's constitutionality.
 {¶ 3} Despite these procedural deficiencies, Moore argues that her trial counsel's failure to specifically raise the constitutionality issue should not be fatal to her appeal. She emphasizes that "it appears that trial counsel was formulating a constitutional appeal * * * which preserved the issue of the unconstitutionality of R.C. 2921.34 for appeal." Alternatively, she maintains that, "given the breath, application, and its potential incarceration of innocent people, R.C.2921.34 warrants this court[']s review of the constitutionality of R.C. 2921.34."
 {¶ 4} We disagree. As Moore herself states, an objection to the constitutionality of a statute must be raised before the trial court and state the specific ground for the objection. "Failure to raise at the trial court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal." State v. Awan (1986), 22 Ohio St.3d 120, 489 N.E.2d 277, syllabus. See, also, State v. Bey, 85 Ohio St.3d 487, 502,1999-Ohio-283, 709 N.E.2d 484. Although the trial court was apparently aware that Moore had a challenge to the statute, Moore made no specific objection *Page 3 
before the trial court and the trial court made no ruling for this court to review. Accordingly, Moore waived any challenge to the constitutionality of R.C. 2921.34.
 {¶ 5} Even if Moore's challenges to the constitutionality of R.C.2921.34 had been preserved, we would find them without merit. In her first assignment of error, Moore asserts that R.C. 2921.34 violates theEighth Amendment to the United States Constitution, which provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." In her second assignment of error, she claims that the escape statute violates her right to equal protection, because it bases the severity of the offense on the level of the offender's original conviction. She argues that, as a result, "persons committing the same crime, or even a worse version of the crime of escape, but who have committed a different underlying crime will be punished less severely for the exact same conduct." We addressed and rejected both of these arguments in State v. Myers, Montgomery App. No. 21612, 2007-Ohio-2602.
 {¶ 6} The judgment of the trial court will be affirmed.
 FAIN, J. and DONOVAN, J., concur. *Page 1